SAMUEL H. HOWARD *vs.* LINUS E. HAYWARD.

Under a declaration on an account annexed containing items for cash, and an answer denying that the defendant received the sums charged or owes them or any part of them to the plaintiff, the defendant may prove that he received the sums charged and applied them, with the consent of the plaintiff, to the extinguishment of debts previously due to him from the plaintiff.

In an action on a promissory note, the defendant filed a declaration in set-off on an account annexed, one of the items in which was for cash.  The plaintiff's answer admitted the receipt of the cash, and alleged that it was in part payment of the note and had been indorsed upon it.  At the trial it appeared that the defendant had given the note in payment for a lot of wood bought by him of the plaintiff, and the defendant put in evidence a bill of parcels of it, signed by the plaintiff, in which the amount of the price charged was equal to the face of the note, and payment of the whole was acknowledged.  *Held,* that the plaintiff might prove that, in a certain contingency, the defendant

was to pay him an additional sum for the wood, equal to the cash item charged in the account annexed to his declaration in set-off; that the contingency had occurred; and that he had applied the money paid to him by the defendant to the discharge of this additional debt with the defendant's consent; and upon such proof might recover the whole amount of the note.

ACTION OF CONTRACT on a promissory note for $270. The defendant filed a declaration in set-off upon an account annexed, several items of which were for cash. The plaintiff's answer to these items denied that he had received or owed the defendant the sums of money therein alleged, or any part thereof; and averred that the only cash received by the plaintiff of the defendant was the sum of twenty five dollars, mentioned in the ninth item of the account annexed to the declaration in set-off, and that he received this in part payment of the note and indorsed it thereon.

At the trial in the superior court, before *Ames, J.*, it appeared in evidence that the plaintiff had received of the defendant the sums of money charged in the account annexed; and the plaintiff thereupon offered evidence that these sums had been applied, with the defendant's consent, to the payment of other demands of his against the defendant. The defendant objected to this evidence, on the ground that the plaintiff had not pleaded any such appropriation, but had put in issue merely the receipt of the money. But the judge overruled the objection, and ruled " that under the pleadings the plaintiff might show that any item of cash charged was in fact paid and received on some other and previous claim."

There was also evidence that the note in suit was given, together with five dollars in money, in payment for a lot of wood and timber; and the defendant produced and proved the following writing : " West Bridgewater, January 1st 1859. L. E. Hayward bought of Samuel H. Howard one lot of wood and timber, $275. Received payment by note and cash,

" Samuel H. Howard."

The plaintiff offered oral evidence that it was a part of the bargain that, upon a certain contingency, the defendant was to pay him for this wood and timber the additional sum of twenty five dollars ; that the contingency had occurred ; and that the

money charged in the ninth item of the account annexed to the declaration in set-off had been appropriated, with the knowledge and consent of the defendant, to the payment of this sum of twenty five dollars. The defendant objected to the admission of this evidence, on the ground that the contract, both as to price and payment, was in writing, and could not be controlled by oral evidence. This objection also was overruled and the evidence admitted.

The judge instructed the jury that if the money claimed in the declaration in set-off had been paid by the defendant and applied by the plaintiff to the payments of other demands of his against the defendant, no allowance should be made for it to the defendant in set-off against the note in suit. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*J. E. Carpenter,* for the defendant.

*J. White,* for the plaintiff.

MERRICK, J. The statute provides that declarations in set-off, and all the subsequent allegations respecting the same, shall be governed by the rules prescribed and made applicable to an action brought for the same cause. *St.* 1852, *c.* 312, § 37. One of these rules is, that any substantive fact, alleged with substantial precision and certainty, and not denied in clear and precise terms, shall be deemed to be admitted. § 26. The only fact, in a declaration upon an account annexed, which can be said to be alleged with such precision and certainty is, that the defendant owes the several sums of money stated in the different items of the account. Accordingly, upon a plain and distinct denial of such indebtedness, none of those items can be deemed to be admitted; but to maintain his action the plaintiff must prove the allegation in the declaration, that the defendant owes him the whole or some part of the items stated in the account. The evidence which he produces for the purpose, and in support of the different items in the account, may be controverted by the defendant. So that upon the trial, while the plaintiff may introduce any competent evidence to prove a special or implied promise by

the defendant to pay the several sums of money charged in the account, the latter may also produce any competent evidence tending to show that he never made such promise, and was never under any obligation to pay any part of the claim made against him. Thus in the present case, in respect to the several sums of money charged in the account, it may be shown in support of the action that they were received by the plaintiff of the defendant; and proof of this fact will afford a presumption of indebtedness, which, if unexplained, is sufficient to entitle the defendant to a verdict for the amount thus received. But this is only evidence tending to establish the fact of the alleged indebtedness. It is by no means conclusive. The plaintiff may therefore repel it, and show in reply that, although the money was actually received by him, he did not thereby become a debtor to the defendant or promise to repay it to him. And if he should thus show that it was both paid and received in discharge and satisfaction of his own claim and demand, this would directly sustain his denial and disprove the allegation of indebtedness set forth in the defendant's declaration. Such evidence was admissible to explain and control the presumption that he owed the money, arising from the fact that he received it, and would show that it was not lent to him, nor received to the defendant's use, nor for any cause requiring the amount of it to be repaid.

The rule under which such evidence can be received is limited to the case in which the party attempted to be charged and held responsible insists and contends, under the denial in his answer, that he was never indebted at all, and never incurred any liability or was under any obligation to pay anything on account of the several sums of money alleged to be due from him. If such an indebtedness or liability once existed, and the defendant in an action brought to recover the amount claimed to be due from him would rely in his defence upon any matter showing that he had been in some manner released or discharged from it, and that his obligation to pay or to perform his promise could not for that reason or cause be legally enforced against him, it must be clearly and distinctly set forth in his

answer; otherwise he cannot be allowed to avail himself of it. This is the principle upon which all the cases cited at the argument were decided. Thus where the defendant relied upon payment, upon the illegality of the contract declared on, the incapacity of a plaintiff corporation to maintain an action because it was not duly organized, or the misrepresentations of the insured in his application for insurance, it was held that no evidence could be received in support of the proposed defence, unless the special matter offered to be proved were clearly set forth and specified in the answer. *Granger* v. *Ilsly,* 2 Gray, 521. *Bradford* v. *Tinkham,* 6 Gray, 494. *Williams* v. *Cheeny,* 3 Gray, 220. *Mulry* v. *Mohawk Valley Ins. Co.* 5 Gray, 541. *Haskins* v. *Hamilton Mutual Ins. Co.* 5 Gray, 432. *Canfield* v. *Miller,* 13 Gray, 274. Release, accord and satisfaction, and other matters of avoidance or discharge, fall within the same rule.

But the evidence which in this case was offered by the plaintiff, and to the admission of which exception was taken, tended directly to disprove the allegations in the declaration in set-off, as well as to sustain the denial of indebtedness contained in the answer. And it was just as admissible in relation to the ninth as to the fourth and seventh items in the account. The object and purpose of the plaintiff, in offering the proof objected to in reference to that item, was not to vary, change, contradict or control any written contract, but to show that the money there charged was received by him and paid by the defendant on a claim which was, at the time when the money was so received, assented to on the one side, and acquiesced in on the other. That was sufficient to show that the receipt of the money created no indebtedness, and could not be made the basis of an action for its recovery. The instructions to the jury were in conformity with the principle upon which the ruling respecting the admission of the evidence was made, and both were correct.          *Exceptions overruled.*